Doe ex dem. Bailey *against* Smyth.

" From the first day of May," is exclusive.

Ejectment for a dwelling-house in the city of New-York. The demise in the declaration was laid " on the first day of May, 1816."

The plaintiff opened, that the hiring had been for one year, ending the first of May, 1817, and that the tenant had, at the expiration of the term, held over.

To prove the hiring for one year, he produced a contract in the following words : " I agree to allow T. Bailey $800 for the house, number 144 Greenwich street, from the first of May next, until the first of May, 1817." He also proved notice to quit.

Spencer, J. Notice to quit was unnecessary, as the contract of hiring was for a specific time.

*Burr*, for defendant, then contended that, from the plaintiff's own showing, the title was in the defendant on the day of the demise laid in the declaration. That this was a fatal error, and that plaintiff could not recover.

Upon reading the deed in evidence at the trial, it appeared that it contained a proviso qualifying the covenant, which had not been noticed in the declaration. The counsel for the defendant contended, that this proviso ought to have been stated on the record. But Lord Ellenborough overruled the objection, and said, "By taking proper steps, the proviso might have been introduced on the record, and the defendant might have demurred, but no advantage can be taken upon the plea of *non est factum*. *Vide Henry* v. *Cleland*, 14 Johns. 400, *ad id.*

Doe v. Smyth.

SPENCER, J.   The demise may be laid at any time, when the plaintiff has a right of entry.   "From" the first day of May, 1816, is exclusive, the right, therefore, was in plaintiff on the first of May, 1816, and the demise is well laid.(1)

*Hoffman*, for plaintiff.

*Burr*, for defendant.

· (1) The demise is a mere matter of form, and is amendable, it being merely a part of the fiction of the action.   *Vide* Adams on Ejectment, 199.   In England, an amendment of the demise has been allowed, after issue made up, and after the cause had been set down for trial at the sittings.   In the case of *Doe ex dem. Rumford* v. *Miller*, (K. B., H. T., 1814, M. S., cited in Adams on Ejectment, *ut sup.*,) the issue had been made up, and the cause set down for trial at the first sittings, in Middlesex, in 1814, Hil term ; but, being entered late in the papers, it stood over until the second sittings.   Two days before the second sittings, a rule to show cause why the day of the demise should not be altered, was obtained by plaintiff, which rule was made absolute, before the rising of the court, on the morning of the second sittings.   In our courts, however, the principle of allowing an amendment of a demise has been carried still further; and the plaintiff has been allowed to amend it even at the trial.   In the case of *Blackwell* v. *Patton & Erwin's Lessee*, (7 Cr. 471,) the plaintiff, at the trial at the Circuit Court for the district of Tennessee, offered in evidence a deed to his lessors, bearing date after the demise laid in the declaration, to the admission of which deed the defendant objected, but the court overruled the objection, and admitted it to be read in evidence, saying, the date of the demise was immaterial, and the plaintiff might amend the declaration, which he did before the jury retired from the bar.   A bill of exceptions was then tendered upon this and other grounds, and the question came before the Supreme Court of the United States, on a writ of error.   The counsel for defendant there contended that the amendment ought not to have been allowed after the jury was sworn ; but it was decided that the amendment had been properly allowed : the court stopping the counsel for the plaintiff in his argument on that point.   Chief Justice Marshall, in pronouncing the opinion of the court, said : " In ejectment, the lease is entirely a fiction, invented for the purpose of going fairly to trial on the title.   Courts have exercised a full discretion in allowing it to be amended.

Doe v. Smyth.

A plaintiff has frequently been allowed to enlarge the time, when it has expired before a final decision of the cause. Between making the time extend to a more distant day, and commence at a later day, the court can perceive no difference in substance: they are modifications of the same power, intended to effect the same object, and, although not precisely the same in form, the one is not greater in degree than the other. The amendment, therefore, was properly allowed."

Whether "from" is exclusive or inclusive, is a subject which has undergone much discussion, and may, perhaps, with propriety be still deemed a *vexata questio* in Westminster Hall. In the case of *Pugh* v. *The Duke of Leeds*, (2 Cowp. 717,) Lord Mansfield, after an elaborate consideration of all the cases, which he pronounced to be "so many contradictions, backward and forward," decided (and such was the unanimous opinion of the court) that the expression "from such a day" may be construed exclusively or inclusively, as may be best adapted to the intention of the parties, and the subject matter of the contract. Mr. Powell, however, in his very able review of this decision, in his essay on the creation and execution of powers, contends that the word "from," as well in strict grammatical sense, as in its ordinary import, when referring to a certain point as a *terminus a quo*, always excludes that point; and that if, in vulgar acceptation, it were capable of being taken indifferently, either inclusively or exclusively, yet, that, in the law, it has obtained a certain fixed import, and is always taken as exclusive of the *terminus a quo*. Mr. Powell also reviews the series of decisions, and considers them as harmonizing together, and resulting in the rule he contends for. Powell on Powers, 435, 541; 2 Evans' Pothier on Oblig. 31. This question arises particularly in two classes of cases: first, in the creation of estates of freehold, and, second, in the execution of leasing powers. The word, if interpreted "exclusive" of the day of the date, making the freehold estate void, as commencing *in futuro*. And, where the power is given to create a lease in possession, the same interpretation making it a lease in reversion, and consequently a defective execution of the power.